United States District Court
Southern District of Texas
**ENTERED**
November 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONE STAR-SRD-SHREDDING RECYCLING DISPOSAL, LLC, Plaintiff, | § § § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-01319 |
| DANIELS HEALTH, Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment and motion to take judicial notice filed by Defendant Daniels Health ("Daniels") (Dkt. 53) and a motion to reconsider and motion for continuance of discovery filed by Plaintiff Lone Star-SRD-Shredding Recycling Disposal, LLC ("Lone Star") (Dkt. 64). After carefully reviewing the motions, response, replies, summary judgment record as a whole, and the applicable law, the Court finds that Daniels' motions should be **GRANTED** and Lone Star's motions should be **DENIED**.

## FACTUAL BACKGROUND

Lone Star is a medical waste processing facility. Daniels is a healthcare services company that, in part, transports and processes medical waste. Lone Star and Daniels did business together for roughly one year in 2017. The next year, Lone Star initiated discussions regarding the possibility of Daniels acquiring Lone Star. During these discussions, Lone Star disclosed that it had contractual relationships with five entities:

1

(1) B.I. Medserv, (2) Core Marine Services, (3) Red Away, Inc., (4) Texana Waste Services, and (5) USA Decon. The acquisition discussions with Daniels fell through.

Following the fruitless acquisition discussions, certain Lone Star clients breached their agreements with Lone Star and contracted with Daniels.[1] Claiming that Daniels improperly induced the breaches, Lone Star brought a tortious interference claim against Daniels in this Court. (Dkt. 19). Daniels moved for summary judgment on Lone Star's claim, arguing that Lone Star failed to produce sufficient evidence to create a fact question on any element of its tortious interference claim. (Dkt. 53)

The Court considers these arguments in turn below.

## LEGAL STANDARD

**Federal Rule of Civil Procedure 56(a)**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and,

---

[1] While the parties dispute whether all of the named Lone Star clients here (1) had contracts with Lone Star at the time of Daniels' alleged interference or (2) breached contracts with Lone Star, Lone Star successfully sued Core Marine Services and RedAway, Inc. for breach of contract in Texas state court.

2

when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

A summary judgment movant who does not bear the burden of persuasion at trial can satisfy its initial burden on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *See Matsushita*, 475 U.S. at 586-87. "[T]he nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of [her] pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmoving party must "go beyond the pleadings" and submit competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks and citation omitted). *See also Matsushita*, 475 U.S. at 586 (To avoid summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts.").

Conclusory allegations and unsubstantiated assertions do not satisfy the nonmovant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "In assessing whether genuine disputes of material fact exist, the court may not undertake to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (internal quotation marks

3

and citation omitted). The court "must instead view all facts in favor of the non-moving party," and draw all reasonable inferences in the non-movant's favor. *Id.*

## ANALYSIS

I. **Lone Star's Motion for Continuance and Motion to Reconsider**

*Motion for Continuance*

Lone Star asks the Court for a continuance in order to conduct additional discovery under Rule 56(d). (Dkt. 64 at 5-6). Lone Star argues that Daniels dragged its heels in producing certain contracts with former Lone Star customers and that Lone Star thus requires additional time to conduct discovery on those contracts. (Dkt. 64 at 5-6). Daniels argues in response that Lone Star had enough time to conduct discovery and that Lone Star has failed to meet the standard for a continuance under Rule 56(d). (Dkt. 67 at 7-10). The Court agrees with Daniels that a continuance is not warranted here.

Under Rule 56(d), a court may allow time for additional discovery if a nonmovant shows that without the discovery, it cannot present facts essential to justify its opposition to summary judgment. FED. R. CIV. P. 56(d). "Rule 56(d) permits 'further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (per curiam) (quoting *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013)).

To be granted a continuance, "the non-movant must diligently pursue relevant discovery—the trial court need not aid non-movants who have occasioned their own predicament through sloth." *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915,

4

919 (5th Cir. 1992); *see Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (If "the nonmoving party has not diligently pursued discovery of [the requested] evidence, the court need not accommodate the nonmoving party's belated request.").

The Court finds that Lone Star has not "diligently pursue[d] relevant discovery" in this matter. *Id*. Lone Star initiated this suit on April 20, 2021 (Dkt. 1) and filed its amended complaint on July 29, 2021 (Dkt. 19). Lone Star then neglected to serve requests for production for nearly six months. Third-party subpoenas and deposition notices were served by Lone Star two months before the close of discovery, and Lone Star did not proceed with depositions or attempt to obtain discovery from third parties during that time.[2] Lone Star has thus failed to demonstrate sufficient effort to warrant a Rule 56(d) continuance.

Lone Star's lack of discovery diligence provides adequate grounds to deny its request for a continuance. But the Court further finds that Lone Star failed to state with sufficient specificity what exactly it sought to adduce if given extra time. One specific email (from Daniels to B.I. Medserve) was mentioned—but Lone Star has known about that email since 2019 and has made insufficient effort to obtain it or to otherwise procure the information contained therein. (Dkt. 64-2 at 3). Lone Star otherwise requests for additional time to "conduct discovery, including [] depositions, and request for the

---

[2] Additionally, the Court expended considerable effort to help the parties resolve their discovery disputes. *See* Transcripts of Motion Hearings on May 24 and July 15 (Dkt. 51, 52).

5

production of documents relating to Daniels' contracts with Lone Star's former clients." (Dkt. 64 at 6). Lone Star's proffered basis for its Rule 56(d) extension request is inadequate.

"[N]on–moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561).

Lone Star has not met the Rule 56(d) criteria to justify a continuance of discovery. Thus, Lone Star's motion for continuance is denied.

### *Motion to Reconsider Granting Leave to Amend Answer (and File for Summary Judgment After the Deadline)*

Lone Star asks the Court to reverse its May 19 order that (1) granted Defendant's motion for leave to amend its answer to add a statute-of-limitations defense, and (2) granted leave to file its motion for summary judgment on or before June 3.[3] (Dkt. 64 at 4-5) The Court declines to grant Lone Star's requests.

---

[3] Lone Star additionally appears to ask the Court to strike Daniels' motion for summary judgment on the basis of that motion being filed after the deadline. But Lone Star gives no basis for that request beyond stating it parenthetically in a heading. (Dkt. 64 at 4). Thus, to the extent that Lone Star seeks to strike Daniels' motion for summary judgment on grounds that are independent from Lone Star's objections to Daniels' limitations defense, that request is denied.

6

Although the issue of limitations has taken up a great deal of oxygen in this proceeding, summary judgment can be granted here without reaching Daniels' limitations defense or the attendant disputes over that defense. *See infra*. Thus, Lone Star's request to reconsider the granting of leave for Daniels to incorporate that defense into its answer is denied as moot.

## II. Daniels' Motion to Take Judicial Notice and Motion for Summary Judgment

*Motion to Take Judicial Notice*

Daniels asks the Court to take judicial notice of certain adjudicative facts from previous lawsuits involving Lone Star. (Dkt. 53 at 5-6). Lone Star offered no arguments in opposition to this request. The Court agrees with Daniels that the adjudicative facts in question are "not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Thus, Daniels' motion to take judicial notice is granted.

*Motion for Summary Judgment*

Daniels presents two arguments in favor of summary judgment: (1) that Lone Star has adduced no competent summary judgment evidence in support of its tortious interference claim (Dkt. 53 at 10); and (2) that Lone Star's tortious interference claim as it relates to two former Lone Star clients is barred by the statute of limitations (Dkt. 53 at 8). The Court agrees with Daniels that Lone Star has adduced no competent summary judgment evidence to support necessary elements of its tortious interference claim. Thus, Daniels is entitled to summary judgment on that basis. Because the Court agrees with

7

Daniels on the merits of this dispute, the Court need not reach Daniels' statute-of-limitations defense.

Under Texas law, "[t]he elements of tortious interference with contract are (1) a contract subject to interference; (2) a willful and intentional act of interference, (3) that was a proximate cause of the plaintiff's damages; and (4) actual damage." *Cuba v. Pylant*, 814 F.3d 701, 717 (5th Cir. 2016) (citing *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996)). The plaintiff must show that "'the defendant knowingly induced one of the contracting parties to breach its obligations under the contract.'" *Id*. (quoting *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 532 (Tex. App.—Fort Worth 2009, pet. Denied)). "[A] person must be a stranger to a contract to tortiously interfere with it." *Morgan Stanley & Co., Inc. v. Tex. Oil Co.*, 958 S.W.2d 178, 179 (Tex. 1997).

As an initial matter, the Court finds that Daniels met its summary judgment burden of showing that Lone Star lacked evidence to support its claim of tortious interference. Daniels argues that (1) Lone Star failed to produce contracts that were in effect during Daniels' alleged tortuous interference; (2) no evidence of willful or intentional interference was presented by Lone Star, (3) there is no evidence that Daniels caused any injury to Lone Star, and (4) there is no evidence of actual damages or loss. Because Daniels met its initial burden, it became Lone Star's responsibility to provide sufficient evidence to demonstrate genuine issues of material fact on each of these elements. Lone Star's three pieces of summary judgment evidence—(1) a contract between Daniels and RedAway; (2) a contract

between Daniels and Texas Medical Waste; and (3) the declaration of Joe Kappil, Lone Star's Vice President and Managing Member (Dkt. 64-1, 64-2)—fail to do so.

The Court finds that Lone Star's summary judgment evidence creates a fact question on the first—and only the first—element of its tortious interference claim. After lengthy discussion of the contractual relationships between Lone Star and its clients in the summary judgment briefing, neither Daniels nor Lone Star settled the question of whether Lone Star had contracts subject to interference with all five entities under review here at the time of Daniels' alleged interference. But Lone Star's summary judgment defense nevertheless fails because there is no evidence of Daniels willfully or intentionally interfering with Lone Star's contracts, and thus no evidence of (1) that interference proximately causing damages to Lone Star or (2) there being any actual damage to Lone Star.

"For a plaintiff to maintain a tortious interference claim, it must produce some evidence that the defendant knowingly induced one of the contracting parties to breach its obligations under a contract." *All Am. Tel., Inc. v. USLD Communications, Inc.*, 291 S.W.3d 518, 532 (Tex. App.—Fort Worth 2009, pet. denied). When the plaintiff fails to present such evidence, summary judgment against the tortious interference claim is proper. *See Stephan v. Baylor Med. Ctr. at Garland*, 20 S.W.3d 880, 891 (Tex. App.-Dallas 2000, no pet.).

Lone Star relies exclusively on Kappil's declaration in its effort to create a fact question on the issue of whether Daniels willfully or intentionally interfered with Lone Star's contracts. Kappil states that in April 2018 he "provided information [to Daniels]

9

about Lone Star's existing clients, detail [sic] pricing information contained in those client contracts, permitting, logistics and future plans for Lone Star." (Dkt. 64-2 at 2). Kappil then claims that (1) he saw "an email from Daniels to B.I. Med Serv personnel regarding contracting with Daniels for favorable contract terms, and (2) he "learned that Core Marine refused to pay the balance owed [to Lone Star] because it began contracting [] with Daniels as a result of Daniels recruiting and encouraging Core Marine to do so." (Dkt. 64-2 at 3). Those two statements are Lone Star's only evidence of Daniels having taken any action towards recruiting Lone Star's clients—but, as inadmissible hearsay, those statements are no evidence at all. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir.1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial.").

Having failed to establish any willful or intentional interference on Daniels' part, it follows that Lone Star failed to establish that Daniels' interference was the proximate cause of damages to Lone Star or that Lone Star incurred any actual damages. In any event, the cursory and conclusory references to Lone Star's damages contained in Kappil's declaration are insufficient to create fact questions on those matters. "[U]nsubstantiated assertions are not competent summary judgment evidence." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Lone Star failed to produce competent summary judgment evidence that creates a fact question on Daniels' willful or intentional interference with Lone Star's contracts. Accordingly, Daniels is entitled to summary judgment here.

## CONCLUSION

Daniels' motion summary judgment and motion to take judicial notice are **GRANTED**. Lone Star's motion to reconsider and motion for continuance of discovery are **DENIED**.

SIGNED at Houston, Texas this 31st day of October, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE